STANDARD SUPPLIES, INC., *v.* GENERAL MOTORS ACCEPTANCE CORPORATION

[No. 341, September Term, 1962.]

*Decided June 27, 1963.*

*Motion for rehearing filed July 19, 1963, denied September 9, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*Robert B. Meyers* for appellant.

*J. Bowie Lillard* for appellee.

162

PER CURIAM.

Our decision herein is controlled by what we said in *Piedmont Land & Devel. Co. v. Carney*, 232 Md. 21.

The facts are not disputed. Appellant obtained judgment against Gerald A. and Martha L. Wehrle on November 28, 1961. Gerald purchased an automobile subject to a conditional sales contract. Title thereto was taken in the name of Martha. The contract was assigned to General Motors Acceptance Corporation, and, on January 24, 1962, it was recorded. In May of 1962, appellant obtained a writ of *fieri facias*, and, for the purposes of this case, we shall assume it was obtained "without notice." The sheriff levied upon the automobile, and GMAC filed a motion to quash the writ. The value of the automobile, when sold, was less than GMAC's claim. After hearing, the trial judge upheld the claim.

Appellant contends that it comes within the category of a creditor "who acquired without notice a lien by judicial proceedings," and, as such, it is protected by the provisions of Code (1957), Article 21, Section 66. All of appellant's claim is for a debt antecedent to the delivery of the property subject to the conditional contract of sale. We pointed out in *Piedmont, supra,* that this class of creditors is not protected by the recording requirements of Section 66.

*Order affirmed, with costs.*